UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:92-CR-181 JCM |
| Plaintiff(s), | ORDER |
| v. | |
| CALVIN SPRINGER, | |
| Defendant(s). | |

Presently before the court is defendant Calvin Springer's motion for abeyance (ECF No. 381) regarding his amended motion to vacate under 28 U.S.C. § 2255 (ECF No. 377). The government has filed a motion to dismiss defendant's motion to vacate for lack of jurisdiction, arguing that defendant has not received permission from the Ninth Circuit to file a successive motion under 28 U.S.C. § 2255. (ECF No. 379); *see also* (ECF No. 349).

The amended motion to vacate is based on the potential retroactive application of *Johnson v. United States*, to this defendant. *See* 135 S. Ct. 2251 (2015); (ECF No. 377). The District of Nevada's First Amended General Order 2015-03 allows the Office of the Federal Public Defender to address post-conviction relief in the wake of *Johnson* by "fil[ing] an abridged § 2255 motion before the June 26, 2016 deadline," and that office "shall [also] file a supplemental motion fully briefing the issues presented in the abridged motion no later than December 26, 2016." In fact, Springer is mentioned by name in that order, along with this case number, as an offender with a conviction under 18 U.S.C. § 924(c). First Amended General Order 2015-03 at 26 (D. Nev. Apr. 27, 2016).

The government correctly indicates that the relevant circuit court generally must certify this successive motion for the district court to have jurisdiction. 28 U.S.C. § 2255(h); *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998). However, the First Amended General Order 2015-03 further reads:

**James C. Mahan**
**U.S. District Judge**

> If the Court believes it lacks jurisdiction but that the motion may be meritorious, the Court shall stay the proceedings in abeyance and issue an Order that the abridged § 2255 motion is deemed filed *nunc pro tunc* to the date of the original filing. The Court shall then immediately refer the case to the Court of Appeals for the Ninth Circuit for certification to file a second or successive motion.

Therefore, this court finds that First Amended General Order 2015-03 governs the instant question. Defendant has indicated that he has requested permission from the Ninth Circuit to file his successive motion for relief. (ECF No. 381). Thus, this court finds that referring the case would be redundant and thus declines to do so. However, the proceedings shall be stayed.

Further, the amended motion to vacate (ECF No. 377) shall be held in abeyance until the Ninth Circuit makes a determination as to defendant's application, and that amended motion to vacate will be considered as timely filed in light of "the [then-]impending expiration of the statute of limitations to file a claim under [*Johnson*]." (ECF No. 381 at 1). As the Ninth Circuit's decision may be dispositive of the government's motion to dismiss, this court will not adjudicate it at this time. (ECF No. 379).

If the Ninth Circuit grants defendant's request, then defendant shall have twenty-one (21) days from the date that decision takes effect to file "a supplemental motion fully briefing the issues presented in the abridged [§ 2255] motion." First Amended General Order 2015-03 (D. Nev. Apr. 27, 2016). The government would have fourteen (14) days from the date of that submission to file a response, and defendant would have an additional seven (7) days after the government's filing to submit a reply.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for abeyance (ECF No. 381) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the proceedings in this case shall be stayed, pending the Ninth Circuit's decision regarding defendant's successive filing of a motion under 28 U.S.C. § 2255.

DATED January 12, 2017.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**